UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHERYLE PATTERSON**, | ) |
| | ) **Case No.:** |
| Plaintiff, | ) |
| | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | ) |
| | ) |
| **OKINUS, INC.**, | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| Defendant. | ) |

## COMPLAINT

CHERYLE PATTERSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against OKINUS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

PLAINTIFF'S FIRST AMENDED COMPLAINT

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person, who resides in Philadelphia, Pennsylvania 19139.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its headquarters located at 147 West Railroad Street South, Pelham, Georgia 31779.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Plaintiff has a cellular telephone number.

10. Plaintiff has only used this phone as a cellular telephone.

11. Beginning in or around September 2016 and continuing through November 2016, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

12. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages.

13. Plaintiff knew that Defendant was Defendant was using an automatic telephone dialing system and automated and/or pre-recorded messages as Plaintiff often would answer a call to be greeted with a noticeable delay before speaking to one of Defendant's representatives.

14. Defendant's telephone calls were not made for "emergency purposes."

15. Desiring to stop these repeated calls, Plaintiff spoke with Defendant in or about September 2016 and requested that the calls stop immediately.

16. Plaintiff also informed Defendant that she could not afford to make any payments.

17. This was Plaintiff's way of revoking any consent that Defendant may have had to call her on her cellular telephone.

18. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. Despite Plaintiff's clear revocation of consent to call her cellular phone, Defendant persisted in calling Plaintiff through November 2016 despite

multiple requests to cease calling her cellular telephone.

20. After Plaintiff's repeated requests to stop the calls were ignored by Defendant, she had no other option but to install a blocking application on her cellular devise to block calls from Defendant's phone numbers.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent as she revoked consent in or around September 2016.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, CHERYLE PATTERSON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHERYLE PATTERSON, demands a jury trial in this case.

Respectfully submitted;

DATED: March 9, 2017            /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com